UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Felicity A. Ferrell,<br>              Debtor | Chapter 7<br>Case No. 15-10370 |
| Kevin R. Hall,<br>              Plaintiff<br>v.<br>Felicity A. Ferrell,<br>              Defendant | Adv. Proc. No. 15-1028 |

**ORDER GRANTING, IN PART, MOTION TO COMPEL
DISCOVERY AND EXTEND DISCOVERY DEADLINE**

The plaintiff in this adversary proceeding has moved the Court for an order compelling the defendant to respond to his discovery requests. He also seeks an order extending the discovery deadline. The motion is granted in part.

**I.    Background**

    **a.  The Chapter 7 Case and the Pleadings in this Adversary Proceeding.**

Felicity A. Ferrell filed a chapter 7 bankruptcy case in this Court in June 2015. A few months later, Kevin R. Hall filed a complaint objecting to Ferrell's receipt of a discharge under 11 U.S.C. § 727. Hall's complaint can be read as raising three types of challenges to Ferrell's discharge. First, he asserts that Ferrell's bankruptcy filings have been "falsified" in several respects. More specifically, Hall says that Ferrell:

    i.    Identified herself as a defendant in a foreclosure action in state court when she is not, in fact, a party to that action (*see* Complaint [D.E. 1], at ¶ 7);
    ii.    Understated her expenses on Schedule J (*see* id., at ¶ 6);
    iii.    Identified a person who is not a creditor on Schedule F (*see* id., at ¶ 4);
    iv.    Failed to list creditors holding judgment liens (*see* id., at ¶ 3);

  v. Understated her income on Schedule I  (*see* id., at ¶ 5);
  vi. Failed to identify the income earned by her husband on Schedule I (*see* id., at ¶ 14); and
  vii. Failed to identify "funds or property" received from her mother's estate (*see* id., at ¶ 11).

Hall also alleges that Ferrell "uses a number of different aliases."  Complaint, at 13.  He identifies the aliases that she has allegedly used in the last five years.  He makes no attempt, however, to tie that specific factual allegation to a basis for denial of a discharge under section 727.[1]

  Next, Hall says that Ferrell provided false testimony at the section 341 meeting of creditors on July 29, 2015.  He says that she testified that she has been legally separated and living apart from her husband.  He also says that she testified that she has not spoken to her husband in years.  Hall contends that both pieces of testimony are false.  *See* Complaint, at ¶ 14.

  Third, Hall complains about fraudulent transfers of property.  According to Hall's complaint, Phyllis Hyde died on December 22, 2006.  The sole beneficiary of Phyllis's will was her daughter, Felicity Ferrell.  Hall's theory, apparently, is that Ferrell was entitled to receive money or property from her mother's estate and that Ferrell fraudulently transferred that money or property to one or more of her family members.   He does not allege how or when the transfers occurred.  *See* Complaint, at ¶ 12.[2]

  Ferrell filed an answer in which she disputed many of Hall's allegations, and explained many of the alleged errors in her bankruptcy filings.  As to the fraudulent transfer allegations, Ferrell asserts that she was not entitled to receive anything from her late mother's estate (under a

---

[1] Many of the factual allegations in Hall's complaint suffer from the same defect.  The Court is left to make logical inferences about his asserted grounds for denial of a discharge.

[2] The timing of the transfer(s) is particularly important.  Fraudulent transfers within one year before the petition date provide a basis for denial of a discharge.  *See* 11 U.S.C. § 727(a)(2)(A).  Fraudulent transfers more than one year before the petition date do not provide a basis for denial of a discharge.

2

will or otherwise), and that the property was transferred directly to Ferrell's daughter and a limited liability company in which Ferrell is not a member.

### b. The Scheduling Order.

In November 2015, the Court issued a scheduling order under Fed. R. Civ. P. 16(b). *See* Scheduling Order [D.E. 15] (the "Scheduling Order"). That order directed Hall to make his initial disclosures under Rule 26(a)(1)(A) within 30 days, and Ferrell to make hers within 60 days. The Scheduling Order also established April 1 as the discovery deadline. The Scheduling Order cautioned the parties that "[f]ailure to comply with the provisions of this order may result in the imposition of sanctions . . . where noncompliance has caused undue delay, expense and/or prejudice." Scheduling Order, at ¶ XII.

### c. The Motion to Compel.

In the middle of March, Hall moved the Court for an order compelling discovery responses from Ferrell and extending the discovery deadline to May 31, 2016. *See* Motion to Compel Discovery; Motion to Extend Discovery Deadline to May 31, 2016 [D.E. 28] (the "Motion to Compel"). Hall alleges that Ferrell has not served her Rule 26(a)(1)(A) disclosures. He also alleges that he served two discovery requests—a set of interrogatories and a request for production of documents—on Ferrell in late December 2015, but that she has failed to respond to those requests.[3]

---

[3] The Motion to Compel lacks the certification required by Rule 37(a)(1). *See* Fed. R. Civ. P. 37(a)(1). That, in and of itself, is grounds to deny the request to compel discovery responses. Instead, the Court will not order Ferrell to pay any of the expenses incurred by Hall in filing the Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5)(A), (C).

Ferrell objected to the Motion to Compel. In her objection, Ferrell does not dispute that she failed to serve her Rule 26(a)(1)(A) disclosures. She does, however, assert that she never received Hall's discovery requests.[4]

**II.    Analysis**

Hall has not prosecuted this adversary proceeding with reasonable diligence. Ferrell's initial disclosures were due on or before January 11, 2016. Hall waited almost two and a half months before bringing this failure to the Court's attention. Ferrell's responses to his discovery requests—assuming that they were properly served on December 21—were due on or about January 20, 2016. Hall filed the Motion to Compel on March 21, just over two months after the responses were due. Hall failed to move with alacrity despite knowing of the looming discovery deadline. Hall attempts to justify his delays by pointing to his belief that the United States Trustee or the chapter 7 trustee might object to Ferrell's receipt of a discharge. Hall has a duty to prosecute the adversary proceeding that <u>he</u> commenced, without regard to what the United States Trustee or the chapter 7 trustee or any other person or entity might do at some point in the future.

That said, the Court finds that there is good cause for an extension of the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4). Apparently, Ferrell did not make her initial disclosures despite the Court's clear admonition in the Scheduling Order. Ferrell's failure to comply with the Scheduling Order justifies an extension of the discovery deadline.

The Court has reviewed Hall's discovery requests and finds that, in certain respects, they exceed the permitted discovery in this adversary proceeding. *See* Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) allows discovery of:

---

[4] The discovery requests were filed by Hall at the Court's direction. *See* <u>Supplemental Document</u> [D.E. 30]. The requests were signed by Hall (making him subject to the Rule 26(g)(1) certification), but there is no certificate of service showing that the requests were served on Ferrell. The Court is not resolving this apparent dispute at this point.

4

>   nonprivileged matter that is relevant to any party's claim or defense and
>   proportional to the needs of the case, considering the importance of the issues at
>   stake in the action, the amount in controversy, the parties' relative access to
>   relevant information, the parties' resources, the importance of the discovery in
>   resolving the issues, and whether the burden or expense of the proposed discovery
>   outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1)(emphasis added). So, discovery must be both relevant and proportional to the needs of the case. The Court may, on its own initiative, limit discovery that is beyond the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(2)(C).

Relevance is determined by reference to the specific claims and defenses in the case, here Hall's objection to Ms. Ferrell's chapter 7 discharge and her answer. *See* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.")(emphasis added). Relevance is not determined by some vague notion of the parties' disputes, disagreements, or animosity in general. Neither is relevance determined by the claims or defenses that have been litigated, are being litigated, or could be litigated in some other forum. Relevance is hinged to the specific claims and defenses that are actually being litigated in the current proceeding.[5]

The following interrogatories are either not relevant or not proportional to the needs of this case in light of the factors spelled out in Rule 26(b)(1):

| Interrogatory No. | Text of Interrogatory |
|---|---|
| 4 | What is the name, address and telephone number of the parties with whom you reside in Florida during the winter months. |

---

[5] The Court has cautioned the parties on this point several times in this case. Litigation in federal court must be managed by the Court and the parties to secure a "just, speedy, and inexpensive determination . . . ." Fed. R. Bankr. P. 1001. Hall and Ferrell appear to have a long-running legal battle, spanning more than a decade and taking place in state and federal courts. This case is not going to prolong that battle any longer than necessary to give Hall a reasonable opportunity to prove his claims under section 727 (but nothing else) and to give Ferrell a reasonable opportunity to secure the benefits of a chapter 7 discharge.

5

| 5 | List all names or aliases you have used to sign documents in the last ten years. |
|---|---|
| 12 | How were you able to pay your attorney an amount of money equal to your full monthly Social Security benefit and still meet the monthly expenses as reflected in your Chapter 7 Petition. |
| 23 | Do you have a record of Doctor's reports for the injury you allege to have sustained on June 3, 2015. |

The following document requests are either not relevant or not proportional to the needs of this case in light of the factors spelled out in Rule 26(b)(1):

| **Request No.** | **Text of Request** |
|---|---|
| 6 | Copies of ATM withdrawal receipts from 2013 to present |
| 7 | Copies of all withdrawal receipts or payments made with your Visa, MasterCard, Discover or American Express debit card |
| 8 | Copies of invoices and receipts for legal fees paid by you or on your behalf to attorneys retained to represent you in Knox County Superior Court proceedings 2012 to May 25, 2014 and Knox County District Court July 2014 to the present.  The attorneys of record include Steve Hanscom, Haley Hall, David Glasser, Steve Peterson and Donald Gasink. |
| 9 | Copies of monthly rental receipts for mail box at 235 Camden Street #32-272 Rockland, Maine 04841 from 2012 to the present. |
| 10 | Copy of gasoline receipts from 2014 to the present. |
| 11 | Copies of Hannaford Grocery bills from 2014 to the present. |
| 12 | Copies of all medical records related to the alleged injury suffered on June 3, 2015 including diagnosis and treatment. |
| 13 | Copies of all prescription medications and receipts for purchase of medications from 2014 to the present. |
| 14 | Copies of monthly electricity bill paid by you from 2014 to the present and copies of receipts for payment of those bills. |
| 15 | Copies of letters or other correspondence to and from Steven Clark. |
| 16 | Copies of your monthly cell phone bill from 2014 to the present. |
| 19 | Copies of automobile insurance premiums paid by you or on your behalf from 2013 to the present. |
| 22 | Copies of receipts for printing and photocopying thousands of pages of documents submitted to the Knox County Superior Court and postage for mailing of those documents. |
| 23 | Copies of receipts for Court filing fees in Knox and Waldo Counties from 2012 to the present. |
| 4 | List of all assets belonging to Camden Hills Farm By The Sea, LLC.  Assets include cars, trucks, motor homes, motorcycles, recreational vehicles, boats, trailers, tractors, farm equipment, power tools, hand tools, office furnishings, office equipment and inventory of materials |

|    | used in conjunction with the services associated with the business activities of Camden Hills Farm By The Sea, LLC. |
|----|------|
| 5  | List of current value for each of the assets described above in (4). |
| 6  | All billing records for backpacking services, including customer invoices, receipts, credit card statements, bank statements, and activity logs for the period April, 2012 to the present. |
| 7  | Receipts for payment of utilities including telephone, electricity, fuel oil, heating oil, K-1, propane, natural gas, fire wood, wood pellets, water, sewer, telephone, internet, cable or satellite TV billed to Camden Hills Farm By The Sea, LLC. |
| 8  | Property tax receipts for payments made to the Town of Camden, Maine by Camden Hills Farm By The Sea, LLC. |
| 9  | Property tax bills currently outstanding that remain unpaid as of January 26, 2015. |
| 10 | Business insurance policy for Camden Hills Farm By The Sea, LLC that provides insurance for the property located at 372 Belfast Road Camden, Maine 04843. |
| 11 | Homeowners insurance policy for the property located at 372 Belfast Road Camden, Maine 04843. |
| 12 | Permits or licenses issued by the Town of Camden or the State of Maine that relate to the business operations of Camden Hills Farm By The Sea, LLC. |
| 13 | Liens or encumbrances held against Camden Hills Farm By The Sea, LLC. |

### III.    Conclusion

In light of the foregoing and under Rules 26(b)(2)(C), 26(c), and 37(a) of the Federal Rules of Civil Procedure, the Court orders the following:

1.   On or before April 18, 2016, Ferrell must make her initial disclosures under Fed. R. Civ. P. 26(a)(1)(A).  Ferrell must file those initial disclosures, along with a certificate of service, when they are made.  Failure to serve them in a timely manner will result in either (i) the imposition of sanctions under Fed. R. Civ. P. 37(b)(2), including the rendering of a judgment in favor of Hall, or (ii) the imposition of sanctions under Fed. R. Civ. P. 37(c)(1), including the exclusion of evidence at trial;

2.   On or before April 18, 2016, Ferrell must provide written answers to each of Hall's Interrogatories dated December 21, 2015, except Nos. 4, 5, 12, and 23.  The Court

      finds that these four interrogatories are outside the scope of discovery in this adversary proceeding. Failure to respond to the remaining interrogatories in a timely manner will result in the imposition of sanctions under Fed. R. Civ. P. 37(b)(2) and (d), including the rendering of a judgment in favor of Hall;

3. On or before April 25, 2016, Ferrell must respond to the categories of document requests contained in Hall's Request for Production of Documents dated December 21, 2015, except those requests identified in the table above. The Court finds that those requests are outside the scope of discovery in this adversary proceeding. Failure to respond to the remaining requests in a timely manner may result in the imposition of sanctions under Fed. R. Civ. P. 37(b)(2) and (d), including the rendering of a judgment in favor of Hall;

4. The discovery deadline is extended to May 31, 2016;

5. The final pretrial conference set for April 19, 2016 is cancelled, and will be rescheduled by the Court on a later date;

6. No expenses for the Motion to Compel are awarded; and

7. The hearing on Mr. Hall's Motion to Strike/Motion to Seal Pursuant to 11 U.S.C. § 107(b)(2) [D.E. 20] will proceed as scheduled on April 19, 2016. Telephonic participation in that hearing is permitted.

Date: March 23, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

8